# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT
# APPEAL NO. 23-2367

| | |
|---|---|
| COALITION FOR LIFE ST. LOUIS dba COALITION LIFE, | ) ) ) Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiff-Appellant, | ) ) |
| v. | ) Dist. Ct. No. 3:23-cv-01651-SPM ) |
| CITY OF CARBONDALE, IL, | ) ) ) The Hon. Stephen P. McGlynn |
| Defendant-Appellee. | ) U.S. District Judge |

## STATUS REPORT REGARDING ISSUANCE OF SEPARATE DOCUMENT UNDER FED. R. CIV. P. 58 AND MOTION FOR CLARIFICATION AND OTHER RELIEF

Now comes Plaintiff-Appellant, Coalition For Life ("Plaintiff"), and in accordance with this Court's July 13, 2023 Order, submits its status report regarding issuance of a separate judgment document under Fed. R. Civ. P. 58. Additionally, Plaintiff moves the Court for clarification, as set forth in greater detail *infra,* as to whether this appeal should proceed as a single appeal under the docket number it was assigned when the appeal was originally docketed upon the filing of Plaintiff's Notice of Appeal on July 11, 2023 (appeal no. 23-2367), or under the docket number it was assigned when Plaintiff filed an Amended Notice of Appeal on July 19, 2023 (appeal no. 23-2414), which was docketed in this same case upon the filing of Plaintiff's Amended Notice of Appeal on July 19, 2023.

1

Plaintiff's Amended Notice of Appeal amended Plaintiff's originally filed Notice of Appeal to identify the appeal as also being taken from the separate judgment document entered by the District Court Clerk on July 19, 2023. In support thereof, Plaintiff states as follows:

1.   On July 6, 2023, the District Court granted "in its entirety" Defendant-Appellee's Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Dist. Ct. dkt. #16). The judgment was not set out in a separate document as required by Fed. R. Civ. P. 58(a). On July 11, 2023, Plaintiff filed its Notice of Appeal from that final order (Dkt. #1-1), and this Court docketed this appeal, no. 23-2367.[1] The sole issue on appeal is whether Plaintiff's Complaint was properly dismissed under Fed. R. Civ. P. 12(b)(6).

2.   On July 13, 2023, this Court ordered undersigned counsel to file a Status Report by July 24, 2023, regarding the issuance of a separate judgment document as required under Fed. R. Civ. P. 58. (Dkt. #2.) Later on July 13, Plaintiff requested that the Clerk of the District Court enter the required separate judgment document. (Dist. Ct. dkt. #22.) The District Court Clerk did so on July 19, 2023. (Dist. Ct. dkt. #23.)

---

[1] Plaintiff-Appellant has since timely filed its Docketing Statement (dkt. #3), CR 26.1 Disclosure Statement (dkt. #4), and Transcript Information Sheet (dkt. #5).

3. In an abundance of caution, Plaintiff later that same day filed an Amended Notice of Appeal with the District Court (Dist. Ct. dkt. #24), identifying the appeal as being taken from the separate judgment document, as well as the originally appealed underlying final dismissal order.

4. The Clerk of this Court docketed the Amended Notice of Appeal as a separate appeal, no. 23-2414. However, the Amended Notice of Appeal adds nothing substantive to this present appeal and thus does not appear to present a new appeal, or any new issues at all. *See, e.g., Miller v. Artistic Cleaners*, 153 F.3d 781, 783 (7th Cir. 1998) ("We have previously allowed that, with regard to appellate jurisdiction, a judgment entry on a separate document is not a prerequisite to finality.") (cleaned up); Fed. R. App. P. 3(c)(5)(A) ("In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates: . . . An order that adjudicates all remaining claims and the rights and liabilities of all remaining parties . . . .").

5. Moreover, to the extent Plaintiff's first Notice of Appeal might be deemed premature as having been filed prior to the entry of the separate judgment document, pursuant to Federal Rule of Appellate Procedure 4(a)(2), that Notice of Appeal is treated as filed on the date of and after the entry of the judgment. ("*Filing Before Entry of Judgment.* A notice of appeal filed after the court

announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.")

6. For the reasons stated above and for purposes of judicial economy, Plaintiff believes that the Amended Notice should instead be deemed filed in this present Appeal, no. 23-2367, so that proceedings can continue apace in Plaintiff's originally filed appeal, instead of there being two separate appeals under two separate appeal numbers.

6. To that end, Plaintiff respectfully requests clarification from the Court whether the July 19, 2023 Amended Notice of Appeal should instead be deemed filed in this appeal—the originally filed appeal (Appeal No. 23-2367)—or whether both appeals should proceed under the two numbers assigned by the Clerk.

7. In the event the Court determines that the appeal should proceed under both numbers, Plaintiff respectfully moves this Court for an order consolidating for all purposes appeal nos. 23-2367 and 23-2414, and for such additional or other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Peter Breen
Peter Breen
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, Illinois 60606
(312) 782-1680
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all counsel of record are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Peter Breen
Peter Breen