**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 6, 2024[*]
Decided March 8, 2024

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 23-2367

| | |
|---|---|
| COALITION LIFE,[**] *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 23-cv-01651-SPM |
| CITY OF CARBONDALE, ILLINOIS, *Defendant-Appellee*. | Stephen P. McGlynn, *Judge*. |

### O R D E R

Coalition Life sued the City of Carbondale, Illinois, alleging that the City's Disorderly Conduct Ordinance violates Coalition Life's rights under the First and Fourteenth Amendments. The district court concluded that *Hill v. Colorado*, 530 U.S. 703

---

[*] We granted the parties' joint motion to waive oral argument and have agreed to decide the case on the briefs and the record. FED. R. APP. P. 34(f).

[**] The appellant uses the name "Coalition for Life St. Louis" in its brief, but later notified us that its legal name changed to "Coalition Life," effective January 1, 2024. We have reformed the caption accordingly.

No. 23-2367                                                                                                        Page  2

(2000), and our precedent foreclose relief. Coalition Life concedes that it cannot prevail unless *Hill* is overruled. Because only the Supreme Court can overrule itself, we affirm.

Coalition Life's sidewalk counselors attempt to talk to people outside of abortion facilities and offer information about alternatives to abortion. The counselors get as close as possible to people in order to "make eye-contact and speak from a normal conversational distance in a friendly and gentle manner." Under the Ordinance, a person commits disorderly conduct by knowingly approaching another person within eight feet, without that person's consent, for the purpose of passing leaflets, displaying signs, or engaging in oral protest, education, or counseling. CARBONDALE, ILL., CITY CODE § 14-4-2(H) (2023). The provision applies to a radius of 100 feet from any entrance door to a hospital, medical clinic, or healthcare facility. *Id.* Coalition Life contends that the Ordinance unconstitutionally infringes on its free speech rights.

The City moved to dismiss the case. It first stated that the Ordinance was "modeled after and nearly identical to" the statute upheld by the Supreme Court in *Hill*, 530 U.S. at 707, which has not been overruled. It also noted that the Ordinance resembles one we upheld in *Price v. Chicago*, in which we explained that—however "shaken [its] foundation" may now be—*Hill* remains binding. 915 F.3d 1107, 1119 (7th Cir. 2019). In response, Coalition Life conceded that it could not succeed "unless and until *Price* or *Hill* are overruled." The district court then dismissed the case.

On appeal, Coalition Life again concedes that *Hill* controls and that we cannot overrule a decision of the Supreme Court. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (the Supreme Court retains the "prerogative of overruling its own decisions"). That is correct: We remain bound by *Hill* because the Supreme Court—though it has questioned the case's viability—has not expressly overruled it. *See Grayson v. Schuler*, 666 F.3d 450, 453 (7th Cir. 2012) ("[W]e're not supposed to declare a decision by the Supreme Court overruled unless the Court makes clear that the case *has* been overruled, even if we're confident that the Court would overrule it …").

The arguments advanced by Coalition Life are foreclosed, and the judgment of the district court is AFFIRMED.